**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

IN RE:    ALVIN LEON GOODE                    CASE#: 3:08-BK-30342-DOT
        Debtor.

ALVIN LEON GOODE                              APN:   3:08-AP-_____-DOT
        Plaintiff,
v.

AFNI, INC.
        Defendant.

## COMPLAINT

Comes now your plaintiff, by counsel, and for his complaint respectfully represents as follows:

## PRELMINARY STATEMENT

The Fair Debt Collection Practices Act (hereinafter "FDCPA") provides relief to consumers from egregious behavior from Debt Collectors.

> The consumer suing under the FDCPA need not prove that a violation was intentional or negligent in most cases. *Lee v. Thomas & Thomas,* 109 F.3d 302 (6th Cir.1997). The "FDCPA is a strict liability statute." *Id.* The letter sent by Defendant Montgomery, Lynch violated numerous aspects of the FDCPA, including but not limited to 15 U.S.C. §1692g(11), 15 U.S.C. §1692e preface and 15 U.S.C. §1692e(10). Unfortunately, even though Defendant Montgomery, Lynch has exhibited a nearly total disregard for the requirements of the FDCPA, this Court may only make

---

Jason M. Krumbein, Esq. VSBN 43538
Mitchell P. Goldstein, Esq. VSBN 40613
Elizabeth F. Egan, Esq. VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax
jason@krumbein.com                                                                 Page 1
l:\kcls\g\goode, alvin\ap\complaint afni, inc..doc

one statutory damages award with the maximum amount being One Thousand Dollars ($1,000.00). *Wright v. Finance Service of Norwalk, Inc.,* 22 F.3d 647 (1994).

The FDCPA also allows the Court to award actual damages, in addition to the statutory damages, pursuant to 15 USC 1692k(a)(1). State law requirements regarding the proof of intentional or negligent infliction of emotional distress are not applicable to actual damages under the FDCPA. In *Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 185 (D.Del.1991)* the district court instructed the jury: "First, actual damages may be awarded the plaintiff as result of the failure of defendants to comply with the Act. Actual damages not only include any out-of-pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish or emotional distress." Actual damages are certainly appropriate where the conduct of the debt collector is egregious, as it is here. See, *Boyce v. Attorney's Dispatch Service*, 1999 WL 33496505 (S.D. Ohio, April 27, 1999).

*Becker v. Montgomery, Lynch,* 2003 WL 23335929 (N.D.Ohio, 2003)*.*

### JURISDICTION, VENUE, JURY DEMAND AND CORE PROCEEDING

1. This court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1334.

2. Venue is properly laid in this district pursuant to 28 U.S.C. §1391 (b) and (c).

3. **PLAINTIFF DEMANDS TRIAL BY JURY.**

4. The Fair Debt Collection Practices Act is not a core proceeding pursuant to 28 U.S.C. §157, but the Plaintiff consent s to have this matter heard by this court.

Jason M. Krumbein, Esq. VSBN 43538
Mitchell P. Goldstein, Esq. VSBN 40613
Elizabeth F. Egan, Esq. VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax
jason@krumbein.com
l:\kcls\g\goode, alvin\ap\complaint afni, inc..doc

**PARTIES**

5. Plaintiff, Alvin Leon Goode, is a Debtor pursuant to 11 U.S.C. §101(13).

6. Upon information and belief, defendant, AFNI, Inc. is an unsecured creditor, pursuant to 11 U.S.C. §101(10)(A).

7. Upon information and belief, defendant AFNI, Inc. is an Illinois Corporation, not registered with the State Corporation Commission, without a Registered Agent, and may be served at Steven Czirjak, Vice President and Chief Financial Officer, 404 Brock Drive, Bloomington, IL 61702-3097.

**FACTS**

8. Plaintiff filed a Chapter 13 Bankruptcy in this court on January 28, 2008, case number 3:08-BK-30342 assigned to Chief Judge Douglas O. Tice, Jr. and Chapter 13 Trustee, Robert E. Hyman.

9. On or about January 30, 2008 at 5:07:00 am, Defendant received electronic notice from this Bankruptcy Court regarding the Notice of Meeting of Creditors, scheduled for March 13, 2008 at 10:00 am.

10. On or about April 10, 2008, Plaintiff received his plan confirmation.

11. On or about June 8, 2008, defendant mailed a "Settlement Offer" to the Plaintiff demanding payment. Exhibit "A" – bill dated June 8, 2008.

12. To this date, Defendant has not filed a proof of claim.

Jason M. Krumbein, Esq. VSBN 43538
Mitchell P. Goldstein, Esq. VSBN 40613
Elizabeth F. Egan, Esq. VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax
jason@krumbein.com
l:\kcls\g\goode, alvin\ap\complaint afni, inc..doc

Page 3

## COUNT ONE:
### Violation of 15 U.S.C. §1692e(2)

12. Plaintiff restates and realleges paragraphs 1-11.

13. Defendant violated 15 U.S.C. §1692e(2) by false or misleading representation of the character, amount or legal status of the alleged debt.

14. Plaintiff is entitled to actual damages, statutory damages, attorneys fees and costs under 15 U.S.C. §1692k.

## COUNT TWO
### Violation of 15 U.S.C. §1692e(10)

15. Plaintiff restates and realleges paragraphs 1-14.

16. Defendant violated 15 U.S.C. §1692 e(10) by any false representation or deceptive means to collect a debt or obtain information about a consumer.

17. Plaintiff is entitled to actual damages, statutory damages, attorneys fees and costs under 15 U.S.C. §1692k.

## COUNT THREE
### Violation of 15 U.S.C. §1692f(1)

18. Plaintiff restates and realleges paragraphs 1-14.

19. Defendant violated 15 U.S.C. §1692f(1) by an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

20. Plaintiff is entitled to actual damages, statutory damages, attorneys fees and costs under 15 U.S.C. §1692k.

Jason M. Krumbein, Esq. VSBN 43538
Mitchell P. Goldstein, Esq. VSBN 40613
Elizabeth F. Egan, Esq. VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax
jason@krumbein.com                                                                                     Page 4
l:\kcls\g\goode, alvin\ap\complaint afni, inc..doc

**WHEREFORE**, Plaintiff, by counsel, respectfully requests that the Defendant, AFNI, Inc. be held liable for their violations of the Fair Debt Collection Practices Act and the Court award actual damages, statutory damages, and attorneys fees assessed and costs against the Defendant and for judgment against the Defendant for their violations of the Fair Debt Collection Practices Act.

**ALVIN LEON GOODE**

    /s/Jason M. Krumbein
Jason M. Krumbein, Esq. VSBN 43538
Mitchell P. Goldstein, Esq. VSBN 40613
Elizabeth F. Egan, Esq. VSBN 44849
Counsel for Alvin Leon Goode
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804-673-4358 office
804-673-4350 fax
jason@krumbein.com email

Jason M. Krumbein, Esq. VSBN 43538
Mitchell P. Goldstein, Esq. VSBN 40613
Elizabeth F. Egan, Esq. VSBN 44849
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 office
804.673.4350 fax
jason@krumbein.com
l:\kcls\g\goode, alvin\ap\complaint afni, inc..doc

Page 5